943 So.2d 314 (2006)
Anthony ST. FORT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2089.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
*315 Carey Haughwout, Public Defender, and David Casals, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.

CORRECTED OPINION
FARMER, J.
We grant defendant's motion for rehearing seeking a correction in regard to resentencing and substitute the following corrected opinion in place of the original. In so doing we deny the State's motion for rehearing.
Defendant was convicted of aggravated assault with a firearm, simple assault, aggravated stalking, battery, and resisting without violence. Without discussion, we affirm the convictions for aggravated assault with a firearm, simple assault, battery and resisting arrest without violence. As to the aggravated stalking charge, we reverse.
Section 784.048, Florida Statutes (2003), defines aggravated stalking as conduct by one who "willfully, maliciously, and repeatedly follows, harasses[1] . . . and makes a credible threat[2] with the intent to place that person in reasonable fear of death or bodily injury of the person, or the person's child, sibling, spouse, parent, or dependent . . ." The statute's purpose is to criminalize conduct that falls short of assault or battery. Curry v. State, 811 So.2d 736, 741 (Fla. 4th DCA 2002); Huch v. Marrs, 858 So.2d 1202, 1204 (Fla. 3rd DCA 2003). As we made clear in Curry:
"The stalking statute was also designed to protect women from being harassed by ex-husbands or former boyfriends, by ensuring that victims did not have to be injured or threatened with death before stopping a stalker's harassment."
Curry, 811 So.2d at 741. In a footnote, the Third District noted that other states have defined stalking as "unconsented contact" including various forms. Huch, 858 So.2d at 1203 n. 1.
Defendant argues that the State's evidence does not meet the statutory definition for conviction under the law, and thus his motion for judgment of acquittal on that count should have been granted. At trial when defendant moved for judgment on the aggravated stalking count, the State argued that the charge was supported by the evidence as follows:
"[The victim] testified that she received one [threat] directly over the phone on the 18th while she was out shopping, that she received two that were left as voicemails on her cell phone, or maybe it was three . . . [and] in person on the evening of the 18th and again on the *316 19th. . . . "[3]
The State also argued that those threats included fear that defendant would kill her because he made them on "some occasions with a gun in his hand, on another occasion with a knife in his hand, and other instances with no weapon currently in his possession."
The State's reliance on armed threats is misplaced because they cannot constitute stalking under section 784.048. If the purpose of the statute was to criminalize conduct falling short of assault and battery Curry, 811 So.2d at 741, it follows that actual assaults and batteries are not within the ambit of this statute. This is logical because assaults and batteries are condemned by other statutes. Again, referring to the Third District, "[s]talking is a series of actions that, when taken individually, may be perfectly legal." Huch, 858 So.2d at 1203.
Because the victim and defendant continued to live together at the time of the alleged stalking, he argues that stalking is impossible when the parties are cohabiting and neither has yet renounced the relationship or tried to end it. It is not necessary for us to pronounce a categorical holding that stalking is not legally possible while parties cohabit unestranged. It is enough to hold that the facts presented in this case do not amount to stalking, aggravated or otherwise. As the Third District did, we perceive that the essence of the stalking offense lies in nonconsensual contact of a harassing or intimidating nature. Because the conduct complained of in this case was the foundation for the conviction on the assault, battery and related counts, we agree that it lies outside the ken of the acts prohibited by the stalking statute.
For these reasons, we reverse the separate conviction for aggravated stalking. On remand the court shall enter a judgment of acquittal on that count and re-sentence defendant on the only remaining charge under a corrected scoresheet reflecting the reversal of the aggravated stalking conviction.
Affirmed in Part, Reversed in Part.
POLEN, J., concurs.
STONE, J., concurs specially with opinion.
STONE, J., concurring specially.
I concur in the opinion, but would further note that the victim and St. Fort lived together and had a ten year relationship that included two children.
NOTES
[1] "Harass" means "a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose." § 784.048(1)(a). "Course of Conduct" means "a series of acts over a period of time, however short, evidencing a continuity of purpose." § 784.048(1)(b).
[2] "Credible threat" is a "threat made with the intent to cause the person who is the target of the threat to reasonably fear for his or her safety . . . against the life of, or a threat to cause bodily injury to, a person." § 784.048(1)(c).
[3] The conduct relied on by the State occurred during an episode when he produced a gun and held it to the victim's head, threatening to kill her if she ever left him. Later, he returned with a knife, placed it on her throat, and forced her to call someone and end all future contact with him.